PÉREZ, APPELLANT, *v.* REGISTRAR OF CAGUAS, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Consummation of Sale.

No. 316.—Decided July 10, 1917.

SALE WITH AGREEMENT TO RECONVEY—CONSUMMATION OF SALE—RECORD OF TITLE.—Upon presentation in the registry of a deed of purchase and sale with an agreement to reconvey, showing that the time allowed the vendor for repurchase had expired and the property had not been redeemed, accompanied by a petition that the consummation of the sale be recorded, the registrar should enter such consummation in the books of the registry for that is all that is necessary for the extinguishment of the resolutory clause.

The facts are stated in the opinion.

The appellant appeared *pro se.*

The respondent did not appear.

MR. JUSTICE ALDREY delivered the opinion of the court.

Appellant Celestino Pérez is the present owner of a property in the district of Caguas known as "Florencio," which formerly belonged to the firm of B. Borrás & Brothers who purchased it from the Polo sisters in 1877 subject to a covenant of retrocession in favor of the vendors and their heirs or grantees, to be effective until December 31, 1892, on the condition that the persons with the right to repurchase should also acquire from B. Borrás & Brothers another adjoining property of 71.64 *cuerdas* of land which they acquired by purchase in 1871 and pay therefor the sum of two thousand dollars in cash and two thousand dollars in two equal annual

instalments, counting from the date of the exercise of the right to repurchase. By clause 16 of the contract B. Borrás & Brothers agreed to impose upon the purchaser of the Florencio property in case of sale the same obligation which they had assumed in case of the exercise of the right to repurchase.

The present owner of the Florencio property having petitioned the Registrar of Property of Caguas to record the failure to comply with the said resolutory condition of sale, the registrar refused on the ground that it was not shown that B. Borrás & Brothers were the real owners of the 71.64 *cuerdas* of land on the date on which they acquired the Florencio property, or on the date of the expiration of the time fixed for its repurchase, and in case of its having been sold prior to December 31, 1892, that the agreement in clause 16 had not been complied with, and that neither had it been shown by authentic documents that the Polo sisters or their heirs or grantees had refused to purchase the property of 71.64 *cuerdas,* or that said deferred purchase price was not paid.

The appellant having presented in the registry of property the deed of purchase of the Florencio property by B. Borrás & Brothers, showing that the time granted their vendors to repurchase had expired, together with their petition that the consummation of the sale be recorded, and it not appearing in the registry that the property was redeemed, the registrar should have entered of record the consummation of such sale, for this is all that is necessary to extinguish the resolutory condition. Decision of the General Directorate of Registries of Spain of May 18, 1865. Therefore it was not necessary to show, as required by the respondent registrar, that B. Borrás & Brothers were really the owners of the property of 71.64 *cuerdas,* whose purchase by those having a right to repurchase was a condition for the exercise of that right, aside from the fact that this was admitted by the contracting parties. Nor was it necessary to show that they

were the owners of the property at the expiration of the period fixed for its redemption, or that if they had sold the property subject to repurchase they should have notified the purchaser in accordance with clause 16 of the contract that such sale was subject to the resolutory condition of resale, a fact which undoubtedly was bound to appear in the registry. Nor was the appellant required to show by an authentic document that the Polo sisters or their successors had refused to purchase the property of 71.64 *cuerdas,* or that the deferred instalments of the purchase price of said property were not paid.

The decision appealed from should be

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.